FILED

2024 Dec-11  AM 10:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **KRISTIN TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:24 cv 1704 RDP** |
| | ) | |
| **JP KING AUCTION** | ) | **JURY DEMANDED** |
| **COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Kristin Turner (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant JP King Auction Company, Inc. (hereinafter "Defendant") and seeks redress sex discrimination suffered in her capacity as an employee of Defendant. Defendant has discriminated against Plaintiff on account of her sex in violation of Title VII of the Civil Rights Act of 1964 and any other causes of action that can be inferred from the facts set forth herein. In support of her Complaint, Plaintiff states as follows:

1

## PARTIES

1. Plaintiff is a resident of Calhoun County, Alabama and is over nineteen (19) years old.

2. Defendant is a domestic corporation incorporated under the laws of Alabama, with its principal place of business in the State of Alabama. Defendant's registered agent is Christie Ray, which can be served process at 108 Fountain Ave., Gadsden, Alabama 35901.

3. Defendant is subject to Title VII of the Civil Rights Act of 1964, as amended as, based on information and belief, Defendant has more than fifteen (15) employees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this arises under the laws of the United States, 42 U.S.C. § 12117(a) because the action arises under Title VII of the Civil Rights Act of 1964, as amended.

5. This Court also has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a), because this Court has jurisdiction over the Title VII claim in Count I.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Calhoun County, Alabama, which lies

within the Eastern Division of the United States District Court for the Northern District of Alabama.

**COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS**

7.    Plaintiff has complied with the jurisdictional requirements on to wit: that on or about May 24, 2024, Plaintiff filed a Charge of Discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8.    On September 12, 2024, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "Exhibit A".

**FACTS**

9.    On or about April 15, 2024, Defendant interviewed Plaintiff for an open accountant position.

10.    After the interview, Defendant offered Plaintiff the open position.

11.    As a result of Defendant's statement, Plaintiff turned down other job opportunities available to her.

12.    On or about April 16, 2024, Defendant's President and CEO Trey Perman (hereinafter "Perman") texted Plaintiff and revoked the offer of employment. A copy of the text message is attached as "Exhibit B".

13. In his text, Perman explained that he would have hired Plaintiff for the accountant position, but he could not because Plaintiff was "absolutely gorgeous" and that she could be hired in a temporary assistant position, but could not hire Plaintiff for full time because his wife would not allow him to hire Plaintiff full time. (Exhibit B).

14. Specifically, Perman stated that he his own "skeletons to fight" and that he was sorry that he could not hire Plaintiff. (Exhibit B).

15. As a result, Defendant revoked it offer to Plaintiff based on her sex and her physical appearance.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (Sex Discrimination)

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15.

17. Plaintiff is a female and a member of a protected class.

18. On April 15, 2024, Defendant interviewed Plaintiff and initially offered Plaintiff the open accounting position.

19. On April 16, 2024, Defendant, through Perman, revoked Plaintiff's employment offer based on hiring and selection processes that are discriminatory in nature against Plaintiff's status as a female, and created

an adverse impact on her as it would other individuals outside of Plaintiff's protected class.

20. Consequently, Defendant's conduct violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., because it discriminated against Plaintiff based on her protected status as a female.

21. Defendant's discriminatory actions against Plaintiff violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, intentional, and done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

22. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, monetary damages, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for such damages as a jury may determine to be appropriate and for the costs of this action.

## COUNT II
### OUTRAGE

23. Plaintiff repeats a re-alleges the allegations contained in paragraphs 1- 15 as if fully set forth herein.

24. Defendant either intended to inflict emotional distress upon Plaintiff, or knew or should have known that its actions were likely to cause Plaintiff emotional distress.

25. Defendant knew that Plaintiff was otherwise qualified for the open accounting position, and that the revocation of the offer of employment would have a negative effect on Plaintiff.

26. Specifically, Defendant knew that Perman's decision to revoke the offer of employment was based solely on Plaintiff's female status and her "absolutely gorgeous" appearance. (Exhibit B).

27. Defendant's actions of offering Plaintiff a position of employment and then revoking based on her sex and appearance is an extreme and outrageous conduct that is outside the bounds of a reasonable person in civilized society.

28. Plaintiff, because of Defendant's actions incurred economic damages in addition to the emotional distress and mental anguish associated this being discriminated against based on her sex and appearance.

WHEREFORE, the premises considered, Plaintiff demands judgment against Defendant for compensatory, punitive, and all other damages as provided by law.

## JURY DEMAND

Plaintiff demands a trial by jury on issues alleged in this Complaint.

/s/ Jon-Kaden Mullen

D. Jeremy Schatz
Jon-Kaden Mullen
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

## Please Serve Defendants By Certified Mail As Follows:

**J.P. King Auction Company, Inc.**
**c/o Christie Ray**
**108 Fountain Ave.**
**Gadsden, Alabama 35901**